United States District Court
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joan Stormo,<br>    Plaintiff(s)<br>v.<br>State National Insurance Co.<br>    Defendant(s) | C.A. No. 1:19-cv-10034<br><br>**Complaint** |

## Introduction

The plaintiff Joan Stormo files this complaint to reach and apply insurance proceeds to satisfy judgments which she obtained against the defendant State National Insurance Co.'s insured, Peter T. Clark. The complaint also seeks damages for State National's Insurance Co. for unfair and deceptive practices in the business of insurance in violation of M.G.L. c. 93A, and M.G.L. 176D.

## Parties

1. The plaintiff Joan Stormo ("Stormo") is a resident and citizen of the State of California.

2. The defendant State National Insurance Co. ("State National") is a citizen of the State of Texas, and has a principal place of business at 1900 L. Don Dodson Drive, Bedford, TX 76021.

## Jurisdiction and Venue

3. The plaintiff and defendant are citizens of different states. Original jurisdiction lies in this court on grounds of complete diversity under 28 U.S.C. § 1332.

4. Venue is proper in the District of Massachusetts because a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts. 28 U.S.C. § 1391(b).

## Facts

5. Stormo is the holder of monetary judgments in excess of $3.6 million for legal malpractice and violation of M.G.L. c. 93A against her former lawyer, Peter T. Clark, of Mansfield,

Massachusetts ("Clark"). The judgments were issued in 2018 by the Massachusetts Superior Court, Bristol County, in case no. 1473-cv-01015.

6. Joan Stormo's legal malpractice and companion c. 93A claim against Clark arose out of Clark's representation of the plaintiff in connection with the performance of a real estate purchase and sale agreement and litigation between the plaintiff and KGM Custom Homes, Inc. ("KGM"). The underlying litigation between the plaintiff and KGM wherein Clark represented the plaintiff was captioned *KGM Custom Homes, Inc. v. Prosky et al.*, Massachusetts Superior Court case no. BRCV2004-1414.

7. Stormo is the owner by judicial assignment of all claims and causes of action which Clark may have against his professional liability insurance carriers. As such, she is authorized "in her own name and for her benefit prosecute, collect, settle, compromise, and grant releases" of the assigned claims as she deems advisable.

## Count I – Breach of Insurance Contract

8. The plaintiff incorporates and realleges all preceding paragraphs.

9. State National issued a lawyer's professional liability insurance policy to Peter T. Clark, P.C., policy number SLA0015444 for the period March 16, 2010 to March 16, 2011 ("policy"). Clark was an insured under the policy.

10. The policy limits of liability were $1 million for each claim, including claims expense, and $2 million annual aggregate, including claims expense.

11. On December 9, 2010, Clark notified the defendant in writing of a claim against him by KGM and requested coverage under the policy. KGM's claim was a lawsuit directly against Clark for violation of G.L. c. 93A; the lawsuit was captioned *KGM Custom Homes, Inc. v. Peter T. Clark,* Massachusetts Superior Court case no. BRCV2010-1084.

12. KGM's 2010 claim against Clark arose out of Clark's representation of the plaintiff in connection with her purchase and sale agreement with KGM.

13. In accordance with the policy terms, State National provided Clark with a defense by selecting and hiring insurance defense counsel to defend Clark against KGM's lawsuit.

14. State National not only paid for Clark's defense of KGM's claim, but also paid KGM $595,000 in exchange for KGM's general release of all claims against Clark and the defendant.

15. Stormo's claims against Clark in 2014 also arose out of Clark's representation of her in connection with her purchase and sale agreement with KGM and subsequent litigation between Stormo and KGM.

16. Stormo's 2014 claims against Clark are covered by the defendant's lawyers professional liability insurance policy insuring Clark.

17. State National had a duty under the policy to defend Clark against the Stormo's claims.

18. State National has a duty under the policy to pay all damages in excess of the deductible which Clark is legally obligated to pay as result of Stormo's claims.

19. On or about December 1, 2015, Clark through his attorney notified Crum & Forster, as agent for state National, of Stormo's claim, and requested that state National provide coverage under the policy, including but not limited to a defense.

20. State National on January 7, 2016 denied policy coverage of Stormo's claims against Clark, refused to defend Clark, and also refused to indemnify Clark for any damages which he might be legally obligated to pay because of the plaintiff's claims.

21. State National breached its insurance contract with Clark by refusing to defend and indemnify him for damages which Clark became legally obligated to pay Stormo.

### Count II – Violation of G.L. c. 93A, § 9

22. The plaintiff incorporates and realleges all preceding paragraphs.

23. On February 10, 2016, Clark through his attorney made a written demand under G.L. c. 93A that the defendant provide coverage under the policy, including but not limited to defending Clark against the Stormo's claims.

24. State National refused to offer any defense or indemnification in response to Clark's February 10, 2016 demand.

25. When in 2016 State National rejected Clark's demand for insurance coverage to defend and indemnify him against the plaintiff's claims, the defendant was aware that it had previously provided coverage for KGM's claims which arose out of Clark's representation of the plaintiff in connection with her purchase and sale agreement with KGM.

26. State National must be estopped from denying policy coverage of the plaintiff's claims against Clark based on its previous defense and payment of $595,000 to settle KGM's 2010 claims against Clark.

27. Stormo's 2014 complaint against Clark stated at least one claim covered by the terms of the defendant's policy insuring Clark.

28. No reasonable professional liability insurer examining the policy terms and Stormo's 2014 complaint against Clark could conclude that State National had no duty to defend Clark.

29. No reasonable professional liability insurer examining the policy terms and Stormo's 2014 complaint against Clark could conclude that the defendant had no duty to indemnify Clark.

30. State National's refusal to defend and indemnify Clark violated G.L. c. 93A.

31. State National's refusal to defend and indemnify Clark in the amount of Stormo's judgments constitutes knowing and willful unfair or deceptive acts or practices in the business of insurance in violation of G.L. c. 93A and G.L. c. 176D, § 3(9).

32. State National failed to make a reasonable written offer of settlement within 30 days after Clark sent the defendant a written demand for relief under G.L. c. 93A, § 9.

33.  Stormo on November 23, 2018 made a written demand under G.L. c. 93A, § 9 on the defendant both individually and as holder of an assignment of Clark's claims against the defendant. Stormo demanded in writing that the defendant indemnify Clark under the terms of the policy by paying the judgments she obtained against Clark on her underlying claims.

34.  The defendant, in bad faith and with reason to know that its failure violated G.L. c. 93A, failed to make a reasonable written offer of settlement in response to Stormo's November 23, 2018 demand under G.L. c. 93A, § 9.

## Prayer for relief

WHEREFORE, the plaintiff Joan Stormo requests that the court grant judgment in her favor, and award her single damages in the amount her judgments against State National's insured Peter T. Clark, trebled in accordance with M.G.L. c. 93A, plus costs and reasonable attorney's fees, and all other relief that is just and equitable.

The plaintiff demands a jury trial.

PLAINTIFF<br>
By her Attorney<br>
<br>
*/s/ Zaheer A. Samee*<br>
Zaheer A. Samee, BBO #667751<br>
Frisoli Associates, P.C.<br>
43 Thorndike Street<br>
Cambridge, MA 02141<br>
Tel: 617-494-0200<br>
zas@frisolilaw.com

Date: January 7, 2019