## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

JOAN STORMO,                                  )
                                              )
            Plaintiff,                        )
                                              )        **Civil Action No.**
      v.                                      )        **19-10034-FDS**
                                              )
STATE NATIONAL INSURANCE                      )
COMPANY,                                      )
                                              )
            Defendant.                        )
———————————————————————)


## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION FOR PARTIAL
## SUMMARY JUDGMENT AS TO DAMAGES

**SAYLOR, C.J.**

This is a dispute concerning insurance coverage.  In 2014, plaintiff Joan Stormo sued her

former attorney, Peter Clark, for malpractice and several related claims arising out of a failed

real-estate transaction.  She was eventually awarded monetary judgments totaling approximately

$5 million.[1]  Defendant State National Insurance Company, who insured Clark pursuant to a

professional-liability insurance policy, disclaimed coverage for that claim.  Plaintiff has sued

defendant for breach of contract and violation of Mass. Gen. Laws ch. 93A based on that

disclaimer.  On January 25, 2021, the Court denied plaintiff's motion for partial summary

judgment as to her breach-of-contract claim and granted defendant's cross-motion as to

plaintiff's ch. 93A claim.  Defendant has moved for partial summary judgment a second time,

---

[1] The complaint alleges that Stormo holds monetary judgments "in excess of $3.6 million" against Clark. (Compl. ¶ 5).  But the evidentiary record indicates that Stormo holds judgments against Clark that total approximately $5 million—one for her legal malpractice claim for approximately $1.2 million and one for her ch. 93A claim for approximately $3.8 million.  (Getler Dec. Ex. G).

seeking three declarations on the issue of damages.  For the following reasons, that motion will be denied.

## I.    Background

The following facts are stated as set forth in defendant's motion for partial summary judgment as to damages and the accompanying exhibits.

### A.    Factual Background

In 2004, attorney Peter Clark represented Joan Stormo and her siblings in a failed real-estate transaction with KGM Custom Homes, Inc.  (Getler Dec. Ex. B at 5).  Clark's actions in that matter later resulted in two lawsuits against him, one filed by KGM in December 2010 and a second filed by Stormo in September 2014.  (Getler Dec. Exs. C; D).  Clark was a named insured on a Lawyers Professional Liability Insurance Policy issued by State National.  (Getler Dec. Ex. A at 1).  Pursuant to that policy, State National agreed to defend Clark in the KGM action and ultimately paid $595,000 to settle the case on his behalf.  (Getler Dec. at 6).  However, State National disclaimed coverage to Clark in the Stormo action based on its interpretation of the policy's provisions on retroactivity and damages.  (Getler Dec. Ex. E at 9).

 After State National disclaimed coverage, Clark retained his own counsel and fully litigated the Stormo action before ultimately losing on the merits.  (Getler Dec. at 7).  Stormo eventually obtained judgments against Clark totaling approximately $5 million.  (Getler Dec. Ex. G).  The judgments included an award of $1,243,416.62 for Stormo's malpractice claim and an award of $3,769,627.53 for Stormo's ch. 93A claim.  (*Id.*).  The trial court assigned any claims that Clark may have against his professional-liability insurance carriers to Stormo.  (*Id.*).

### B.    Procedural Background

On January 7, 2019, Stormo filed this action against State National.  The complaint asserts two claims:  breach of contract (Count 1) and violation of Mass. Gen. Laws ch. 93A

2

(Count 2).  (Compl. ¶¶ 8-34).  It alleges that "State National breached its insurance contract with Clark by refusing to defend and indemnify him for damages which Clark became legally obligated to pay Stormo."  (*Id.* ¶ 21).  It further alleges that "State National's refusal to defend and indemnify Clark in the amount of Stormo's judgments constitutes knowing and willful unfair or deceptive acts or practices in the business of insurance" in violation of Mass. Gen. Laws ch. 93A and Mass. Gen. Laws ch. 176D.  (*Id.* ¶ 31).

On June 23, 2020, the parties cross-moved for partial summary judgment.  Stormo moved for summary judgment as to Count 1, and State National moved for summary judgment as to Count 2.  On January 25, 2021, the Court denied Stormo's motion but granted State National's motion.  Only Stormo's breach-of-contract claim remains.

Following a status conference on March 15, 2021, the Court granted leave to file an additional motion on the subject of damages.[2]  State National has moved for a second partial summary judgment pursuant to Fed. R. Civ. P. 56, requesting that the Court make three declarations:  (1) State National's liability for the judgment on jury verdict, if any, is limited to what remains of the limit of $1 million per claim; (2) State National is not obligated to indemnify Clark for the ch. 93A judgment; and (3) any attorneys' fees awarded to plaintiff are also subject to what remains of the limit of $1 million per claim.  The merits of Stormo's breach-of-contract claim remain undecided; nevertheless, State National requests that the Court decide the issue of damages as a matter of law prior to trial.

## II.   Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order

---

[2] The deadline for filing dispositive motions was June 23, 2020.  However, on March 15, 2021, the Court granted leave to file the present motion.

to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may also move for partial summary judgment under Fed. R. Civ. P. 56(a) and identify the part of each claim or defense on which summary judgment is sought. Partial summary judgment is a useful tool designed to promote judicial economy and resolve matters prior to trial. However, partial summary judgment is not always appropriate, particularly where it is used "as a vehicle for obtaining rulings on issues that may never have to be addressed" and would be "tantamount to [an] advisory opinion[]." *Marshall Contractors, Inc. v. Peerless Ins. Co.*, 827 F. Supp. 91, 93 (D.R.I. 1993). Indeed, "[t]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast v. Cohen,* 392 U.S. 83, 96 (1968) (quotation omitted).

### III.   <u>Analysis</u>

Before addressing defendant's arguments to limit damages, the Court must consider whether the present motion is proper at this stage, where plaintiff's breach-of-contract claim has not yet been resolved.

Courts generally refuse to entertain motions for partial summary judgment on damages where a party's liability has not yet been determined.[3] *See, e.g.*, *Marshall Contractors, Inc. v. Peerless Ins. Co.*, 827 F. Supp. at 93 (finding that confronting damages questions on summary

---

[3] Of course, motions for summary judgment as to damages are not rare. *See, e.g.*, *Rudy v. City of Lowell*, 777 F. Supp. 2d 255, 259 (D. Mass. 2011); *O'Brien v. Town of Agawam*, 440 F. Supp. 2d 3, 8 (D. Mass. 2006). However, those cases are distinguishable because the parties there did not "dispute the facts or the defendant's liability." *Rudy*, 777 F. Supp. 2d at 259*; see also City of New York v. Golden Feather Smoke Shop, Inc.*, 2013 WL 3187049, at *33 (E.D.N.Y. June 20, 2013) (providing that "[a] court may grant summary judgment as to damages *following a determination on liability*") (emphasis added).

judgment before liability is established "may be a waste of judicial time"); *Prolerized Schiabo Neu Co. v. Hartford Accident & Indem. Co.*, 1996 U.S. Dist. LEXIS 21486, at *17-18 (D.N.J. Aug. 14, 1996) (denying motion for partial summary judgment where court was "asked to determine the legal effect of a provision in an insurance contract, without an established factual predicate indicating that a duty to indemnify under this endorsement may have arisen in this case"); *Boden v. St. Elizabeth Med. Ctr., Inc.*, 2018 WL 4855210, at *4 (E.D. Ky. Oct. 5, 2018) (denying motion as premature where movant attempted to "sidestep the crucial issue in this case" and place "the Court in the untenable position of being asked to render an advisory opinion on a hypothetical determination of critical facts"); *Capitol Vial v. Int'l Bioproducts*, 980 F. Supp. 628, 634 (N.D.N.Y. 1997) (denying partial summary judgment to limit damages as premature where there were genuine issues of material fact about breach); *Robson v. Duckpond Ltd.*, 2021 WL 1222429, at *8 (E.D. Mo. Mar. 31, 2021) (holding that partial summary judgment on damage claims would "constitute an improper advisory opinion"); *National Mfg. Co. v. Citizens Ins. Co. of Am.*, 2015 WL 1735423, at *3 (D.N.J. Apr. 15, 2015) (finding that motion for summary judgment improperly sought advisory opinion and that it was "not the role of this Court" to give plaintiff "a green-light to move forward in its settlement"); *Holden v. Richard Powers, Inc.*, 1994 U.S. Dist. LEXIS 18124, at *8 (D.N.H. Dec. 15, 1994) (finding that "the court cannot determine, as a matter of law, the extent and amount of damages attributable to each defendant" on summary judgment unless and until plaintiffs established that defendants breached).

Here, defendant seeks partial summary judgment and three declarations that would limit its damages. Although the critical question in this case—whether defendant breached its duty— remains undecided, defendant asks the court to rule on damages assuming, as a hypothetical, that defendant's breach is conclusively established. Defendant admits that its request is

"unorthodox," but it nonetheless urges the Court to help "encourage settlement and avoid an unnecessary trial in the interest of judicial economy." (State National Mem. at 1). Although the Court acknowledges the benefits of resolving matters prior to trial, it is not convinced that judicial economy is served by ruling on hypothetical issues that may never have to be addressed.

A similar motion was recently confronted by this District in *Plaistow Project, LLC v. Ace Prop. & Cas. Ins. Co.* There, an insurance company refused to defend a lawsuit relating to environmental contamination, and the prevailing plaintiff sued the insurance company for breach of its duty to defend. *Plaistow Project, LLC v. ACE Prop. & Cas. Ins. Co.*, 2018 WL 3475530, at *1 (D. Mass. May 17, 2018), *report and recommendation adopted*, 2018 WL 4357480 (D. Mass. Sept. 13, 2018). Defendant moved for summary judgment that it had no duty to defend or indemnify and also argued alternatively that if indemnity was owed, damages should be limited. *Id.*, at *18. The court "decline[d] the invitation to offer an advisory opinion" and found that "[o]ffering an opinion on the proper measure of damages in this case, where liability has not been established, would be especially inappropriate . . . ." *Id.*

Here, defendant's motion for partial summary judgment as to damages is similarly premature because defendant's breach has not yet been established. Defendant cites no law that directs the Court to consider its request for three declarations on hypothetical damages; it merely appeals to general principles of judicial economy and settlement. However, the fact that a hypothetical issue is "an important one to the parties" and "might hasten the informal resolution of the litigation" does not mean that the Court should decide the issue. *See Borup v. CJS Sols. Grp., LLC,* 2019 WL 4820732, at *1 (D. Minn. Oct. 1, 2019). Therefore, the Court will deny defendant's motion.

**IV.     Conclusion**

For the foregoing reasons, defendant's motion for partial summary judgment as to

damages is DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: October 26, 2021                    Chief Judge, United States District Court