United States District Court
DISTRICT OF MASSACHUSETTS

Joan Stormo,
    as Assignee of Peter T. Clark

        Plaintiff

v.

State National Insurance Co.,

        Defendant

C.A. No. 1:19-cv-10034

**Plaintiff's Motion for Attorney's Fees and Costs**

    The plaintiff Joan Stormo, as assignee of Peter T. Clark, requests that the court award her attorney's fees in connection with establishing State National Insurance Co.'s breach of the duty to defend under an insurance policy. The plaintiff will no later than one week of allowance of this motion will submit to the court a detailed billing report from her counsel which will detail hours spent and expenses incurred by counsel in connection with this case. The detailed billing report has not yet been prepared, but an estimate of the amount of attorney's fees incurred since the filing of this action in 2019 is roughly $300,000-$400,000 billed at an hourly rate of $500 per hour.

    "It is well settled that an insured is entitled to recover reasonable attorney's fees and expenses incurred in successfully establishing the insurer' is duty to defend under the terms of the policy. *John T. Callahan & Sons, Inc. v. Worcester Ins. Co.*, 453 Mass. 447 (2009). The Massachusetts Supreme Judicial Court has recognized the recovery of attorney's fees in this situation as an exception to the so-called "American Rule" under which litigants bear their own attorney's fees. The exception is "warranted in cases involving disputes between insurers and insureds because to preclude such recovery would 'permit[ ] the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at the expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract not mentioned above.'" *Rubenstein v. Royal Ins. Co. of America*, 429 Mass. 355, 356-

57 (1999) (quoting *Preferred Mut. Ins. Co. v. Gamache*, 426 Mass. 93, 95 (1987)). "Whether an insurer's refusal to defend was in good faith or bad faith is largely irrelevant once it has been established that the insurer breached its contract with the insured." *Id.* at 358-59 (internal quotes and citations omitted). "The entitlement of an insured to attorney's fees and costs incurred in establishing contested coverage depends exclusively on whether that coverage is ultimately determined to exist. It does not depend on whether the denial of coverage by the insurer was reasonable or unreasonable, justified or unjustified, a close question of fact or a matter not even subject to legitimate dispute. The focuses exclusively on the bottom line." *Ibid.* (internal quotes and citations omitted).

In this case, State National disclaimed coverage entirely. Therefore, Joan Stormo, as assignee under Peter Clark's insurance policy, was compelled to litigate the coverage issue. She prevailed and established at a jury trial that there was in fact coverage, and the defendant breached the policy in denying coverage. Given that the jury found there was coverage, it follows ipso facto that the denial of coverage was a breach of the duty to defend. Therefore, the plaintiff is entitled to be awarded "reasonable attorney's fees and expenses" incurred in this action against the insurer.

## Conclusion

WHEREFORE, for all the foregoing reasons, the plaintiff requests the court ALLOW this motion, and permit the plaintiff to submit a memorandum and affidavit with billing information and material supporting a request for attorney's fees and costs.

PLAINTIFF
By her Attorney

Zaheer A. Samee, BBO #667751
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141
Tel: 617-494-0200
zas@frisolilaw.com

Date: February 28, 2023

## Certificate of Service

    I certify that on February 28, 2023, I served the above *Plaintiff's Motion for Attorney's Fees and Costs* by sending a copy to the following:

*For State National*
Joanna L. Young
Kennedys CMJ LLP
570 Lexington Avenue, 8th Floor
New York, New York 10022
**BY ECF**

*/s/ Zaheer A. Samee*
Zaheer A. Samee

3