United States District Court
DISTRICT OF MASSACHUSETTS

Joan Stormo,
as Assignee of Peter T. Clark
Plaintiff

v.

State National Insurance Co.,
Defendant

C.A. No. 1:19-cv-10034

# Plaintiff's Opposition to Defendant's Motion for Judgment as a Matter of Law

The defendant State National Insurance's motion for JNOV should be denied. First, the court was correct in requiring State National to prove that any delay in reporting a claim to the insurer resulted in prejudice to the defendant. Second, State National has failed to meet the stringent standard for judgment as a matter of law notwithstanding a verdict.

## Argument

When deciding a motion for judgment as a matter of law, a court's scrutiny of a jury verdict is "tightly circumscribed" and a court will "construe the facts in the light most favorable to the jury verdict and draw any inferences in favor of the non-movant." *Sanchez v. Foley* 972 F.3d 1, 10 (1st Cir. 2020). Such a motion may be granted "only after a determination that the evidence could lead a reasonable person to only one conclusion...; namely, that the moving party was entitled to judgment." *Hendricks & Associates v. Daewoo Corp.*, 923 F.2d 209, 214 (1st Cir. 1991) (internal quotes and citations omitted). In deciding a motion judgment as a matter of law notwithstanding a jury verdict, the court "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." *Ibid.* (internal quotes and cites omitted). State National cannot meet this stringent standard.

## I. Both the law and the evidence at trial established that an insurer must prove that it was prejudiced by any lack of "prompt" written notice by the insured.

Once again, State National conflates two different types of reporting requirements of the claims-made policy in this case. "The purposes of the two types of reporting requirements differ sharply." *Chas. T. Main, Inc. v. Fireman's fund Ins. Co.*, 406 Mass. 862, 864, 551 N.E.2d 28 (1990). The notice requirement relied upon by State National is that the insured "must give prompt written notice" of a claim. This type of notice requirement serves "to permit an insurer to make an investigation of the facts and occurrence relating to liability." *Ibid.*

At trial, State National's own claims representative testified that the purpose of the prompt written notice requirement of the policy was to give the insurance company adequate time to do its job in defending the insured:

> **Q.** You said I believe the prompt notice condition, the purpose of it is so that the insurance company can get involved soon enough to make a difference in defending the insured, right?
> **A.** Right. Because basically what you're doing in this context, legal malpractice, so you hire a legal malpractice expert, like, you know, there are attorneys who do whole different things, so like doctors do whole different things, so like you want a specific legal malpractice expert to get involved and defend a case of legal malpractice so that it's properly handled.
> **Q.** So basically, I mean, is it fair to say the purpose of this is so that the insurance company, it just needs adequate time to do its job, right?
> **A.** That's right, that's correct.

*Appx. 2-3 (Trial Transcript* 4-99:17 to 4-100:6). In other words, the purpose of the prompt written notice provision in the policy was "to permit an insurer to make an investigation of the facts and occurrences relating to liability." Prejudice is required when a notice provision serving this function is invoked by an insurer as a reason for denying coverage. *Johnson Controls, Inc. v. Bowes*, 381 Mass. 278, 282, 49 N.E.2d 185 (1980).

State National conflates this "prompt" notice type of requirement with a different type of notice requirement unique to claims-made policies. Where this second type of reporting requirement is at issue, an insurer need not show prejudice from a failure to report a claim

to the insurer within the policy period or slightly extended, specified period, because this type of requirement "that notice of a claim be given in the policy period or shortly thereafter in the claims-made policy is of the essence in determining whether coverage exists." *Id.* at 865. Clark's policy explicitly stated that for "two or more claims arising out of a single wrongful act or series of related wrongful acts," or "such claims whenever made shall be considered first made on the date on which the earliest claim… was first made…." *Appx. 26* (*Trial Exhibit* 1 policy). There was never any dispute – indeed, the defendant conceded – that the Stormo v. Clark claim which was the subject of this coverage action arose out of the same or related series of wrongful acts as the earlier-timely reported KGM v. Clark claim. *See Appx. 35 (Trial Exhibit* 71 rule 36 responses #13-15). Therefore, this second type of reporting requirement was met. There is nothing irrational or illogical about requiring prejudice for a delay in notice of a subsequent related, as opposed to initial timely reported, claim. It is the logical result of State National's policy terms.

Therefore, as the court correctly ruled, State National must prove prejudice before denying coverage for any lack of prompt written notice. It should also be noted that "prompt" is not a defined term in the policy. The jury could have not unreasonably concluded that even a 14 month delay was not a breach of the "prompt" notice requirement in light of the fact that the Stormo v. Clark lawsuit continued for several years before judgments against him entered. *Appx. 4-8* (*Trial transcript* 5-90:5 to 5-93:5.

## II. State National ignores the trial evidence that its disclaimer caused the judgments against its insured in Stormo v. Clark.

"The general rule under Massachusetts law is that if the insurer fails to defend the lawsuit, it is liable for all defense costs, and (assuming policy coverage) the entire resulting judgment or settlement, unless liability can be allocated among covered and uncovered claims. *Liberty Mutual Ins. Co. v. Metropolitan Life Ins. Co.*, 260 F.3d 54, 63 (1st Cir. 2001). It is beyond cavil that a judgment against the insured exceeding the policy limit is a foreseeable consequence of an insurer's disclaimer and breach of the duty to defend.

"Causation questions of this sort are normally grist for the jury's mill." *Peckham v. Continental Cas. Ins. Co.*, 895 F.2d 830, 837 (1st Cir. 1991) (affirming jury's finding of no causation stemming from insurer's bad faith).

State National issued a complete disclaimer of the Stormo v. Clark claim to Peter Clark in 2015. Now, after multimillion dollar judgment entered against Clark in that action, and a $1.1 million jury award against itself, State National attempts to argue that Stormo failed to prove causation because it "was never presented with any specific opportunity to settle" the Stormo v. Clark action. State National completely ignores the fact that it was presented with an opportunity to settle when it received notice of the claim. Its outright disclaimer was the reason there was never any more specific opportunity to settle. State National cannot benefit from its own breach of contract by perversely arguing that Stormo failed to produce specific evidence, when its own actions deprived Stormo of that very evidence.

Additionally, State National completely ignores other evidence from which a factfinder could rationally infer causation between the denial of coverage and the judgments entered in Stormo v. Clark. For example, there was evidence at trial not only that Stormo would have settled for the remaining policy limit of slightly more than $300,000 – a jury is entitled to believe or disbelieve testimony, whether self-serving or not – but also that Clark and State National would have thought this would have been a good settlement. The evidence showed that State National thought paying KGM Custom Homes in an earlier related claim $595,000 was a "great" settlement. *Appx. 34* (*Trial Exhibit* 33). Clark obviously had to agree to that settlement because the policy provided that the insurer "shall not settle any claim without the written consent of the named insured…." *Appx. 22* (*Trial Exhibit* 1 policy). There was also evidence that State National was even prepared to pay KGM the $1 million policy limit if necessary. *Appx. 33* (*Trial exhibit* 31). It is only rational to infer that if State National thought a settlement of $595,000 is "great," and was willing to settle an earlier related claim for $1 million, then it would also have settled a subsequent related claim for the remainder of the policy which was only a little more than $300,000.

Nor is it necessary to prove that state National "was the sole potential source of funding a hypothetical settlement." State National conveniently ignores the evidence that a 2014 IRS lien against Peter Clark made it unrealistic to expect him to be able to fund any settlement. *Appx. 32* (*Trial Exhibit* 22). Where else would any funding come from if not from Clark or State National? Regardless, proving causation does not require eliminating every other possible state of affairs, of which there may be an infinite number; proving causation otherwise would be well-nigh impossible.

## Conclusion

WHEREFORE, for all the foregoing reasons, the Court should DENY the defendant's motion.

PLAINTIFF
By her Attorney

Zaheer A. Samee, BBO #667751
Frisoli Associates, P.C.
25 Burlington Mall Rd, Suite 307
Burlington, MA 01803
Tel: 617-494-0200
zas@frisolilaw.com

Date: March 27, 2023

## Certificate of Service

I certify that on March 27, 2023, I served the above *Plaintiff's Opposition to Motion for Judgment as Matter of Law* by sending a copy to:

*For State National*
Joanna L. Young
Kennedys CMJ LLP
570 Lexington Avenue, 8th Floor
New York, New York 10022
**BY ECF**

Zaheer A. Samee

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **STATE NATIONAL INSURANCE CO.'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION** was served on July 19, 2019 via Regular Mail and Electronic on the following counsel of record:

FRISOLI ASSOCIATES, P.C.
Zaheer A. Samee, BBO #667751
43 Thorndike Street
Cambridge, Massachusetts 02141
zas@frisolilaw.com

KENNEDYS CMK LLP

/s/ Joanna L. Young
Joanna L. Young BBO #651571
570 Lexington Avenue, 8th Floor
New York, New York 10022
joanna.young@kennedyscmk.com
Tel.: (646) 625-3973
Fax.: (212) 832-4920

*Attorneys for Defendant*
*State National Insurance Co.*